UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:18-CR-80 |
| | ) |
| KATHRYN RENEE MEYERS | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's *pro se* Motion to Reduce Sentence pursuant to Amendment 821 [Doc. 57]. The Government opposes Defendant's Motion. [Doc. 59]. For the following reasons, Defendant's Motion [Doc. 57] is **DENIED**.

### I. BACKGROUND

In February 2019, Defendant was sentenced to 120 months of imprisonment after she pled guilty to one count of Possession with the Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A). [Doc. 38, at 1–2]. At the time of sentencing, Defendant earned a total of 4 criminal history points, and she was not assessed any additional Status Points. [Doc. 29, at 6–8]. Defendant's criminal history category was therefore III, and her effective guidelines range was 120 to 135 months of imprisonment. [*Id.* at 8, 13].

### II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(2) of Title 18, United States Code states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

The policy statement set forth in United States Sentencing Guidelines Section 1B1.10 states that when "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." USSG §1B1.10(a)(1), p.s. (Nov. 2023). "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]" *Id.* at comment. (n.1(A)). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range[.]" *Id.* Further, "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced" under the policy statement in Section 1B1.10, and "[t]his section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." *Id.* at comment. (n.8(A)). Section 1B1.10 expressly covers Part A and Part B Subpart 1 of Amendment 821. *Id.* at §1B1.10(d); comment. (n.7).

Amendment 821, which became effective on February 1, 2024, applies retroactively. "Part A of Amendment 821 limits the criminal history impact of 'Status Points' in Sentencing Guidelines § 4A. Part B of Amendment 821 will permit a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors."

2

*United States v. Mixon*, No. 1:21-CR-203, 2024 U.S. Dist. LEXIS 18460 at *1–*2 (W.D. Mich. Feb. 2, 2024) (internal citations omitted). Prior to the enactment of Amendment 821, two "Status Points" were added when determining a defendant's criminal history if the defendant committed his or her federal offense while "under any criminal justice sentence," including probation, parole, supervised release, imprisonment, work release, or escape status. USSG §4A1.1(d) (Nov. 2018). Now, pursuant to Amendment 821 Part A, a defendant will be assessed one Status Point when determining his or her criminal history if the defendant otherwise has seven or more criminal history points and committed the instant offense under "any criminal justice sentence." USSG §4A1.1(e) (Nov. 2023). Part A effectively eliminates Status Points for defendants with six or fewer criminal history points.

Part B Subpart 1 of Amendment 821 "provides for a decrease of two offense levels for 'zero-point offenders' (no criminal history points), whose offense did not involve specific aggravating factors." *United States v. Giles*, No. 1:05-CR-233, 2024 U.S. Dist. LEXIS 22357 at *2 (W.D. Mich. Jan. 8, 2024). To qualify for a two-point reduction under Part B Subpart 1, a defendant who is a "zero-point offender" must "meet[] all of the following criteria:"

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

3

USSG §4C1.1(a) (Nov. 2023).

### III. ANALYSIS

The Government argues, and the Court agrees, that Defendant is ineligible for a sentence reduction under Amendment 821 because she did receive any Status Points, and she is not a zero-point offender. [Doc. 59, at 2]. Defendant was not assessed any Status Points when calculating her sentencing guidelines, and she had 4 total criminal history points at the time of sentencing. [*See* Doc. 29]. Defendant is therefore ineligible for relief under Amendment 821, and her Motion must be denied.

### IV. CONCLUSION

For the above stated reasons, Defendant's Motion to Reduce Sentence pursuant to Amendment 821 [Doc. 57] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE